C.J. JOHNSON
concurs in the denial of the writ application and assigns reasons.
11 Under Louisiana law, it is unlawful for an employer to intentionally discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of the individual’s race, color, religion, sex, or national origin. La.Rev.Stat. Ann. § 23:332. Discrimination is also unlawful under federal law pursuant to Title VII, as amended, of the Civil Rights Act of 1964 and subsequent legislation. See 42 U.S.C. § 2000e, et seq. Because Louisiana’s law on discrimination mirrors federal law, Louisiana courts routinely look to federal jurisprudence for guidance in determining whether a claim of racial discrimination has been asserted and the proper sequence of the burden of proof has been followed.
In denying the plaintiffs request for a mixed motive jury instruction in 2009, the First Circuit Court of Appeal acknowledged the reasoning in the leading federal case Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268(1989), which interpreted the “because of’ language in the federal statute to extend to cases where the discrimination at issue was one of several legitimate or illegitimate reasons for the decision — mixed-motive cases. After Price Waterhouse, a defendant could avoid liability for discrimination if it demonstrated, by a preponderance of the evidence, that it would have made the same employment related decision irrespective of the discriminatory motivation. Subsequently, Congress enacted the Civil Rights Act of 1991 which provides that an illegal discriminatory action is established when “the' complaining party demonstrates that race ... was a motivating factor for |2any employment practice, even though other factors also motivated the practice.” § 42 U.S.C. § 2000e-2(m).
*658 The First Circuit correctly concluded that Louisiana declined to adopt the specific language of the amended federal statute, and instead maintained the “because of’ language in La.Rev.Stat. Ann § 32:332. Moreover, recent federal jurisprudence has abrogated the Price Waterhouse ruling declining to allow mixed-motive claims under statutes which employ “because of’ language, as does the Louisiana statute. See Univ. of Texas Sw. Med. Ctr. v. Nassar, — U.S. -, 133 S.Ct. 2517, 2545, 186 L.Ed.2d 503 (2013).
In sum, it is well settled that Louisiana employs the McDonnell Douglas analysis in racial discrimination cases. Under this framework, if the Plaintiff meets his burden of making a prima facie case of discrimination, the burden will shift to the defendant to articulate a legitimate, non-retaliatory purpose for an adverse employment action. If the defendant satisfies its burden of production, the burden shifts back to the plaintiff to show that any nondiscriminatory purposes offered by the defendant are merely a pretext for discrimination.' Therefore, the jury should be instructed as follows. To prove unlawful discrimination, the plaintiff must prove, by a preponderance of the evidence, that defendant made any adverse employment decision because of-the plaintiffs race. If you believe the réason(s) given by the defendants for its decision are pretexual, you may infer that the defendants took that action because of the plaintiffs race.